UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **TERRY FABRICANT,** individually, and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **DAVID ALLEN CAPITAL, INC.,** , <br><br> *Defendant.* | Case No. 2:23-cv-11111-DPH-EAS <br><br> **CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

**MOTION TO STRIKE DAVID RUTZ'S PRO SE LETTER
AND "MOTION TO DISMISS"**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and in accordance with Local Rules 7.1 and 5.1, Plaintiff Terry Fabricant ("Plaintiff" or "Fabricant") hereby moves the Court for an order striking David Rutz's *pro se* letter and "motion to dismiss" purportedly filed on behalf of David Allen Capital, Inc. ("DAC" or "Defendant"). Along with this motion, Plaintiff hereby submits the following brief in support of the motion.

In accordance with Local Rule 7.1(a), Plaintiff states that he is unable to confer with Defendant on the motion as Defendant has not yet appeared in the case. Plaintiff did attempt to discuss this matter with Mr. Rutz, who refuses to retain counsel at this time.

1

**I.     INTRODUCTION**

This case challenges Defendant David Allen Capital, Inc.'s ("DAC" or "Defendant") alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). In response to Plaintiff's Complaint, David Rutz, the founder of DAC, filed a *pro se* letter with the Court (dkt. 7), along with a "motion to dismiss" Plaintiff's complaint (dkt. 8), purportedly on behalf of DAC. While the Federal Rules permit individuals to appear *pro se*, they do not permit individuals to appear on behalf of corporations. As one court put it, "[i]tis black letter law that no layperson can purport to represent a corporation, that a corporation may proceed in legal matters only through an attorney. Where a corporate entity initiates a proceeding *pro se,* the proceeding is void *ab initio.*" *In re IFC Credit Corp.*, 420 B.R. 471, 473 (Bankr. N.D. Ill. 2009), aff'd, 663 F.3d 315 (7th Cir. 2011).

Defendant knows this. That is, in 2021, Defendant attempted to litigate *pro se* in a similar case filed in the Northern District of Texas. The Court there ordered Defendant to obtain counsel, and warned that "failure to enter an appear by counsel on its behalf . . . will result in its defenses be[ing] stricken and the Court's instruction to Plaintiff to seek entry of default and default judgment." *Starling v. David Allen Capital, Inc.*, Case No. 4:21-cv-00688-O, Dkt. No. 13 (N.D. Tex. July 8, 2021) (a true and accurate copy of which is attached hereto).

Accordingly, Mr. Rutz's attempts to appear on behalf of Defendant are an improper attempt to circumvent the requirement that businesses be represented by licensed attorneys, and his filings should be stricken. Further, in the event the Court considers Mr. Rutz's improper arguments, they fail to support dismissal.

2

## II.     ARGUMENT

### A.     Mr. Rutz's Purported Filings On Behalf Of DAC Should Be Stricken.

While individuals are permitted to appear in federal court, corporations must be represented by counsel. *Compare* 28 U.S.C. § 1654, *with Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("[A] corporation cannot appear in federal court except through an attorney."); *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970) ("An officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in this Court on behalf of the corporation."). A corporation "is an abstraction, and an abstraction may not appear *pro se*." *Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 820 (E.D. Mich. 2009) (quoting *Scandia Down Corp. v. Euroquilt, Inc.,* 772 F.2d 1423, 1427 (7th Cir.1985)). This rule exists for several reasons, including that all interests of a corporation, rather than merely those interests of the participating individual or officer, must be effectively represented. *Bischoff*, 660 F. Supp. 2d at 820. One of the most compelling reasons is the difference in skill and obligation between an officer or layperson and a licensed attorney:

> [T]he conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, *e.g.,* to avoid litigating unfounded or vexatious claims.

*Id.* (quoting *Jones v. Niagara Frontier Transportation Authority,* 722 F.2d 20, 22 (2d Cir.1983).

Similarly, a corporation is not permitted to assign its claims to an individual or officer to enable said individual to then bring the claims *pro se*—doing so "involves not only the circumvention of a court rule, but also the unauthorized practice of law." *Bischoff*, 660 F. Supp.

3

2d at 821 (quoting *Shamey v. Hickey,* 433 A.2d 1111 (D.C.1981)). In other words, assignment "cannot be used as a subterfuge to enable plaintiff to indulge his overwhelming desire to practice law, without complying with the requirements for admission to the bar." *Biggs v. Schwalge*, 341 Ill. App. 268, 271, 93 N.E.2d 87, 88 (Ill. App. Ct. 1950). "[T]o allow a purported assignee of a corporation's claims to appear *pro se* 'would be allowing him to flout a well-established and purposeful public policy by means of a procedural device. [He] chose to accept the advantages of incorporation and must now bear the burdens of that incorporation.'" *Bischoff*, 660 F. Supp. 2d at 821 (quoting *Mercu–Ray Industries, Inc. v. Bristol–Myers Co.,* 392 F.Supp. 16, 20 (S.D.N.Y. 1974)).

Here, Defendant has not yet appeared in this case, by counsel or otherwise. Rather, David Rutz has filed a letter with the Court, along with a motion to dismiss the Complaint, purporting to represent DAC himself. A search of Michigan's Secretary of State records reveals that Mr. Rutz is the President, Treasurer, Secretary, Director, and Registered Agent for Defendant. (*See* David Allen Capital, Inc. Summary, attached hereto as Exhibit A.) However, he is not an attorney licensed to practice in Michigan, as a search of Michigan's attorney database contains no results for David Rutz. The justification for rule requiring corporations to appear via counsel is apparent here, where Mr. Rutz's purported "Motion to Dismiss" is styled akin to an answer to each paragraph of the Complaint, and the portion of his filing seeking dismissal contains no legal authority to support his contentions.

In order to protect the interests not only of Mr. Rutz but of any other individuals with an interest in or employees of DAC, Defendant must retain counsel. Mr. Rutz is not permitted to represent DAC in this matter—as a registered corporation, DAC may only appear through

4

attorney representation; it may not appear *pro se*, and it may not merely assign rights to Mr. Rutz so that he may proceed because he is not an attorney. DAC enjoys the advantages of being a registered corporation, and thus it must also bear the burdens of incorporation, including the requirement that it be represented by a licensed attorney in court. Accordingly, the Court should strike Mr. Rutz's filings as improper attempts to represent DAC himself or to serve as a proxy to permit DAC to appear *pro se*.

Plaintiff has no objection to the approach taken in the *Starling* case discussed above, where the Court granted Defendant a period of time to locate and retain counsel and then file a responsive pleading.

### B.  If Considered, Mr. Rutz's Arguments For Dismissal Should Be Rejected.

Alternatively, and in the event that the Court elects to accept the filings and consider Mr. Rutz's arguments for dismissal (it should not), the motion does not support dismissal of Plaintiff's complaint. As stated above, Mr. Rutz's motion first contains an answer to each paragraph of the Complaint, under headings titled "Failure to State a Claim" and "Failure to Certify the Class and Lack of Evidence." (*See* Mot. to Dismiss, Dkt. 8 at 4–12.) While "failure to certify the class and lack of evidence" are not proper grounds for dismissal, failure to state a claim is a basis for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Nevertheless, Mr. Rutz's motion does not provide any explanation or support of his position, aside from the sequential denial of each paragraph of Plaintiff's complaint.

Denial of a plaintiff's allegations does not amount to a failure to state a claim for relief— as any attorney would counsel DAC, on a motion to dismiss, a court "views the complaint in the light most favorable to the non-moving party, presumes the truth of all well-pleaded factual

5

assertions, and draws every reasonable inference in favor of the non-moving party." *Hofmann v. Valiant Int'l, Inc.*, No. 2:19-CV-12532, 2020 WL 13442731, at *1 (E.D. Mich. June 5, 2020). Accordingly, the district court must determine whether the plaintiff undoubtedly can prove *no* set of facts in support of his claims that would entitle him to relief." *Hooker v. Anderson*, 12 F. App'x 323, 325 (6th Cir. 2001) (emphasis added). Though Mr. Rutz may deny or otherwise dispute Plaintiff's factual allegations, he has not demonstrated or made any suggestion that the factual allegations, taken as true, are insufficient to state a claim.

Following the two sections of sequential denial of the allegations in the complaint, Mr. Rutz's filing contains a brief motion to dismiss, based on two additional theories: (1) Plaintiff's alleged "lack of personal knowledge and information"; and (2) a purported lack of standing. (Dkt. 8 at 12–14.) Once again, DAC's lack of counsel is apparent, as "lack of personal knowledge and information" is not a basis for dismissal of a complaint, and Mr. Rutz's written explanation makes clear that this is yet another dispute as to the facts of the complaint, which does not warrant dismissal.

A contention that Plaintiff lacks standing, on the other hand, falls within the category of dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules. In support, Mr. Rutz contends that the complaint supposedly: (1) lacks details regarding the nature and extent of the harm suffered; (2) alleges "procedural violations" without any concrete or particularized injury; and (3) does not establish a connection between DAC's actions and the harm alleged. (Dkt. 8 at 13–14.) None of these arguments holds up.

First, Plaintiff plainly alleges that, as a result of the calls received from DAC or an agent acting on its behalf, Defendant caused "actual harm" to Fabricant and the alleged Class

6

members:

> By making unauthorized prerecorded telephone calls as alleged herein, Defendant has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the calls disturbed Plaintiff's use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Plaintiff's phone.

(Dkt. 1 at ¶ 21.) These factual allegations demonstrate not only the nature and extent of the harm suffered by Plaintiff and the Class, but a concrete and particularized injury. The Sixth Circuit has held that "the receipt of an unsolicited advertising or telemarketing message is itself a concrete injury for the purposes of the TCPA because such messages 'waste the recipients' time and impede the free flow of commerce.'" *Herrick v. QLess, Inc.*, 216 F. Supp. 3d 816, 818 (E.D. Mich. 2016) (quoting *Am. Copper & Brass, Inc. v. Lake City Indus. Prods.*, 757 F.3d 540, 544 (6th Cir. 2014)). The TCPA was enacted "to protect consumers from the annoyance, irritation, and unwanted nuisance of telemarketing phone calls," and it "grant[s] protection to consumers' identifiable concrete interests in preserving their rights to privacy and seclusion." *Chapman v. Nat'l Health Plans & Benefits Agency, LLC*, 619 F. Supp. 3d 788, 793 (E.D. Mich. 2022) (quoting *Bowman v. Art Van Furniture, Inc.*, No. 17-11630, 2018 WL 6444514, at *3 (E.D. Mich. Dec. 10, 2018)). Plaintiff has alleged concrete injury to himself and other members of the class, and the injuries are particularized because the calls were directed to and affected Plaintiff and each Class member individually. *See Chapman*, 619 F. Supp. 3d at 791–92. By enacting the TCPA, Congress "concluded that the real injuries associated with unwanted telemarketing were sufficient to support a cause of action." *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1194 (M.D. Tenn. 2017). Mr. Rutz's argument for dismissal is unsupported.

Likewise, Mr. Rutz's contention that the harm is not "traceable" to Defendant, based on his own denial that DAC made any unsolicited telephone calls. Once again, factual allegations in the Complaint must be taken as true on a motion to dismiss, and Plaintiff alleges that he received the unwanted call at issue "from Defendant (or its telemarketing agent)," and he further alleges that the purpose of the call was to solicit him to "take out a loan from [DAC]." (Dkt. 1 at ¶¶ 17, 19.) Taken as true, these factual allegations support the reasonable inference that the call placed to Fabricant—and similar calls made to the Class members—were made by or at the best of DAC. The harm alleged is traceable to Defendant's conduct, and Mr. Rutz's mere denial of those facts is insufficient to support his motion or warrant dismissal of Plaintiff's claims.

To be sure, the Court should strike Mr. Rutz's filings because corporations are not permitted to proceed *pro se*, and they cannot assign their claims to an individual in order to circumvent the requirement that they be represented by counsel. However, and in the event the Court considers the arguments set forth in Mr. Rutz's described "Motion to Dismiss," the motion should be denied. Mr. Rutz does not cite to any legal authority in support of his contentions, and the mere denial of Plaintiff's allegations does not warrant dismissal for failure to state a claim or lack of standing.

### III.  CONCLUSION

For the reasons stated above, Mr. Rutz's letter and motion to dismiss filed with Court should be stricken. The Sixth Circuit plainly requires that corporations "must appear by counsel or not at all." *Bischoff*, 660 F. Supp. 2d at 820 (citing *Ginger*, 426 F.2d at 1386). Nevertheless, if the Court were to consider Mr. Rutz's improperly-filed motion, the motion is groundless, based solely on Mr. Rutz's denial of the factual allegations, and should be denied. Accordingly, the

Court should strike Mr. Rutz's filings, instruct Defendant to appear in this matter through licensed counsel, and grant any further relief as it deems necessary, reasonable, and just.

        Respectfully submitted,

        **TERRY FABRICANT**, individually and on behalf of all others similarly situated,

Dated: June 30, 2023         */s/ Patrick H. Peluso*

        Bradley J. Friedman, Esq.
        LAW OFFICES OF BRADLEY J. FRIEDMAN, ESQ.
        3033 Northwestern Hwy, Suite 106
        Farmington Hills, MI 48334

        Patrick H. Peluso
        ppeluso@woodrowpeluso.com
        WOODROW & PELUSO, LLC
        3900 E. Mexico Avenue, Suite 300
        Denver, Colorado 80210
        Tel: 720-213-0676
        Fax: 303-927-0809

        *Attorneys for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above titled document was filed via the Court's ECF system on June 30, 2023, and Plaintiff will promptly arrange for physical service of the filed document to Defendant.

                                                  */s/ Patrick H. Peluso*