UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY FABRICANT,

    Plaintiff,

v.

DAVID ALLEN CAPITAL, INC.,

    Defendant.
_____/

Case No. 23-cv-11111
Hon. Matthew F. Leitman

### ORDER (1) GRANTING PLAINTIFF'S MOTION TO STRIKE (ECF No. 10), (2) STRIKING DEFENDANT'S MOTION TO DISMISS (ECF No. 8), AND (3) DIRECTING DEFENDANT TO OBTAIN COUNSEL

In this action, Plaintiff Terry Fabricant alleges that Defendant David Allen Capital, Inc. ("DAC") violated the Telephone Consumer Protection Act when DAC made pre-recorded telephone calls to Fabricant and others. (*See* Compl., ECF No. 1.) On June 5, 2023, DAC moved to dismiss Fabricant's Complaint. (*See* Mot. to Dismiss, ECF No. 8.) DAC did not file the motion through counsel. Indeed, no counsel has appeared for DAC in this case. Instead, David Allen Rutz, the apparent owner of DAC, filed the motion on DAC's behalf. (*See id.*)

Fabricant has now moved to strike DAC's motion to dismiss. (*See* Mot. to Strike, ECF No. 10.) Fabricant says that the Court should strike the motion because DAC, as a corporate entity, can only proceed in this action through counsel, and

1

DAC cannot represent itself and/or be represented by a non-attorney. (*See id.*) The Court agrees.

While federal law provides that "in all courts of the United States [individuals] may plead and conduct their own cases personally" 28 U.S.C. § 1654, "[t]he law is well-settled that a corporation may appear in federal courts only through licensed counsel and not through pro se representation of an officer, agent, or shareholder." *National Labor Relations Board v. Consol. Food Servs., Inc.*, 81 F. App'x 13 n. 1 (6th Cir. 2003) (citations omitted). *See also Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970) ("An officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in this Court on behalf of the corporation"); *Evans v. Olson Power Sports, Inc.*, 2009 WL 367690, at *1 (E.D. Mich. Feb. 11, 2009) ("It has been the law for the better part of two centuries [...] that a corporation may appear in federal courts only through licensed counsel"). DAC's motion to dismiss was not filed through licensed counsel. Thus, it was not properly filed and will not be accepted by this Court. If DAC wishes to appear in this action and file a motion to dismiss (or any other motion), it must do so through a licensed attorney.

Accordingly, for the reasons explained above, Fabricant's motion to strike (ECF No. 10) is **GRANTED** and the Court **STRIKES** DAC's motion to dismiss (ECF No. 8) from the record. The Court further orders DAC to obtain counsel. That counsel shall file an appearance in this case on DAC's behalf by no later than

2

**January 8, 2024**.  If DAC does not obtain counsel by that date, Fabricant may move for a default and/or default judgment at that time.

    **IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated:  November 20, 2023

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 20, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126
