# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **TERRY FABRICANT,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**DAVID ALLEN CAPITAL, INC.,** ,<br><br>*Defendant.* | Case No. 2:23-cv-11111-DPH-EAS<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND MEMORANDUM IN SUPPORT

**I.    INTRODUCTION**

This case challenges David Allen Capital, Inc.'s ("Defendant" or "DAC") serial violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*— specifically, its bar against making unauthorized pre-recorded calls to cellphones and residential landlines. Plaintiff Terry Fabricant ("Plaintiff" or "Fabricant") filed his Class Action Complaint on May 11, 2023 and obtained service on the Defendant on May 15, 2023. (*See* Dkt. 6.) On November 20, 2023, the Court entered an Order which stated in relevant part:

> Accordingly, for the reasons explained above, Fabricant's motion to strike (ECF No. 10) is **GRANTED** and the Court **STRIKES** DAC's motion to dismiss (ECF No. 8) from the record. The Court further orders DAC to obtain counsel. That counsel shall file an appearance in this case on DAC's behalf by no later than **January 8, 2024**. If DAC does not obtain counsel by that date, Fabricant may move for a default and/or default judgment at that time.

(ECF No. 12 at 2-3) (emphasis in original). January 8, 2024 has passed, no entry of appearance has been filed and, to Plaintiff's knowledge, Defendant has not retained counsel. The Clerk has now entered default (ECF No. 15), and at this point the Court should grant the instant Motion.

1

The case should be certified as a class action, and DAC should be found in default on a class basis. (*See* Dkt. 18.)

## II.     ARGUMENT

The Court should enter a classwide default judgment in Plaintiff's favor based on his well-pleaded allegations. Additionally, Plaintiff should be afforded leave to conduct discovery regarding matters that lay peculiarly within the Defendant's knowledge or control.

### A.     The Court has jurisdiction over both the Defendant as well as the subject matter of this case.

Jurisdiction is "a threshold issue that must be present to support any subsequent order of the district court, including entry of default judgment." *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2006). Here, Defendant is a Michigan corporation with its principal place of business located in this District. (Compl. 6.) Additionally, subject matter jurisdiction exists under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, which is a federal statute. Accordingly, the Court has jurisdiction over both the subject matter and the parties.

### B.     The Court should enter default judgment because the well-pleaded allegations of the Complaint establish that Defendant serially violated the TCPA.

When exercising discretion as to the entry of default judgment, the Sixth Circuit requires this Court to analyze the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the preference for decisions on the merits. *See Marelli Auto. Lighting, USA, LLC v. Industrias BM de Mexico, S.A. de C.V.*, No. 20-10331, 2021

2

WL 5121273, at *2 (E.D. Mich. Nov. 4, 2021). As explained below, each of these factors weighs in favor of granting Plaintiff's motion for default judgment.

     **1.**  **Plaintiff would face substantial prejudice absent an entry of default.**

The first factor examines the potential prejudice to Plaintiff if default judgment is not entered. Here, Plaintiff would face substantial prejudice. To start, absent a default judgment Plaintiff would be left without any recourse for the harassment that he endured. Further, Plaintiff could be subjected to Defendant's future invasions of privacy and harassment. Further, absent an entry of default judgment, the Class would also continue to be subjected to Defendant's harassment. In sum, the prospect of prejudice against Plaintiff and the Class weighs heavily in favor of granting Plaintiff's motion for default judgment.

     **2.**  **Plaintiff's Complaint contains well-pleaded factual allegations that establish repeated violations of the TCPA, thus, the default pleading standards are met.**

For the second and third factors, the TCPA makes it unlawful for any person "to make any call [other than a call made for emergency purposes or made with the prior express consent of the called party] using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). Thus, to state a claim for a violation of the TCPA, "a plaintiff must allege three elements: (1) a call to a cellular telephone, (2) using an ATDS or an artificial or prerecorded voice, (3) without the recipient's prior express consent." *Mata v. Veros Credit, LLC*, Case No. SA CV 16-8-DOC (JCGx), 2017 WL 2644633, at *2 (C.D. Cal. Jan. 20, 2017) (citing *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012)).

Plaintiff's allegations lay out a clear prima facie case. Specifically, he pleaded that

3

Defendant conducts a wide-scale telemarketing campaign in which calls were placed to his cellular telephone, that the Defendant utilized a pre-recorded voice to make said calls, and that Plaintiff never gave any consent to Defendant to place calls to his cellular telephone. (Compl. ¶¶ 17-21.) Nothing further is needed to state a claim under the TCPA; therefore, Plaintiff is entitled to a default judgment on his first cause of action.

### 3. The sum of money at stake is reasonable and weighs in favor of default.

The fourth factor weighs in favor of default judgment. The TCPA provides for statutory damages of $500 per violation, which can be trebled to $1,500 per violation if willfulness is found. Courts repeatedly find minimum statutory damages to be reasonably in regards to the fourth factor. *See Elektra Entertainment Group Inc.*, 226 F.R.D. at 393 ("[T]he amount of statutory damages and costs requested consists of discretionary awards and statutory minimums . . . Thus, this factor favors granting default judgment as well."); *see also J & J Sports Productions, Inc. v. Hernandez*, No. 2:09-cv-3389 GEB KJN, 2010 WL 1980186, at *4 (E.D. Cal. May 17, 2010) ("[P]laintiff's request for statutory damages and damages for conversion are tailored to defendants' specific wrongful conduct. . . . Under these circumstances, the undersigned concludes that this factor favors the entry of default judgment."); *see also Moore v. E-Z-N-Quick*, No. 1:13-cv-01522-LJO-SAB, 2014 WL 1665034, at *5 (E.D. Cal. Apr. 24, 2014) ("Plaintiff seeks statutory damages in the amount of $4,000.00 as authorized by the California statutes. The Unruh Act provides for minimum statutory damages of $4,000 for each violation. . . . Since a violation of the ADA establishes a violation of the Unruh Act, Plaintiff is entitled to statutory damages of $4,000.00.").

Plaintiff requests the statutory minimum in damages in the amount of $500 per call made

to the Class. *See* 47 U.S.C. §227(b)(3)(B). At this time Plaintiff is unable to specify the total damages because only Defendant possesses necessary information. Instead, Plaintiff requests permission to conduct limited damages discovery and to subsequently file a motion for judgment awarding damages at a date to be set by the Court. By utilizing limited discovery Plaintiff will be able to articulate a specific sum of commensurate damages by utilizing Defendant's outbound call list. That is, Plaintiff intends to serve subpoenas on the telephone service provider for the phone number that called him. Once the phone records for the number are produced, then Plaintiff will analyze the outbound calls to identify each unique telephone number called. Next, Plaintiff will identify the total number of outbound calls from (or on behalf of) Defendant to each unique telephone number. Further, Plaintiff may hire an expert witness to opine as to the accuracy of this process, if necessary. In short, the process is straightforward and will arrive at an identifiable number for the Court to consider. Moreover, a similar process was employed by another Court, which faced a similar situation regarding a Defendant's default in a TCPA class action lawsuit. *See generally Whitaker v. Bennett Law, PLLC*, Case No. 13-cv-3145-L(NLS), 2015 WL 12434306 (S.D. Cal. Jan. 26, 2015).

Additionally, even though statutory damages on a Class basis could end up being a sizeable amount depending on what discovery reveals about the total number of calls placed, ""even a significant sum is subject to an entry of default judgment if a defendant refuses to appear." *Marelli Automotive Lighting, USA, LLC v. Industrias BM de Mexico, S.A. de C.V.*, 2021 WL 5121273, at *3 (E.D. Mich. Nov. 4, 2021) (sum in excess of $3 million did not favor default judgment, but other factors, including defendant's neglect of the lawsuit, warranted granting it).

In addition to monetary damages, Plaintiff seeks a class-wide injunction requiring

5

Defendant to cease the transmission of all pre-recorded calling activities. Because an injunction is separate and distinct from monetary damages, this argues in favor of granting a default injunction.

For the reasons stated above, the sum of monetary damages are reasonable in light of Defendant's actions and weigh in favor of a default judgment.

### 4. Defendant failed to appear, as a result, no dispute concerning material facts exists.

In reviewing the fifth factor, Courts repeatedly find that no genuine dispute of material facts exists when a defendant fails to appear and answer. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F.Supp.2d 1065, 1071 (D. Ariz. 2006) ("Here, there is little possibility of dispute concerning material facts because (1) based on the entry of default, the Court accepts all allegations in Film Corp.'s complaint as true (except for those relating to damages) and (2) Streeter has not made any attempt to challenge Film Corp.'s Complaint or even appear in this case."); *see also Elektra Entertainment Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

In Plaintiff's case, Defendant refused to appear and answer. As such, all factual allegations, with the exception of those relating to damages, are taken as true. Furthermore, Plaintiff has pleaded all the necessary facts to establish repeated violations of the TCPA. Thus, there is little possibility of disputed facts and this element too argues in favor of granting default.

### 5. Defendant has made a habit out of ignoring lawsuits, thus, the possibility of excusable neglect is essentially non-existent.

The sixth factor looks at the possibility of excusable neglect. Courts consistently find the

possibility of excusable neglect to be remote when a defendant is properly served with the complaint and summons. *See Benson v. Bingham, LLC v. Ventura*, No. 2:09-CV-02220-LRH, 2010 WL 2681755, at *2 (D. Nev. July 1, 2010) ("The evidence shows that Plaintiff properly served Defendants with the Summons and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. . . . Therefore, the court finds that Defendants' failure to respond and express an interest in the underlying settlement did not result from excusable neglect."); *see also Ibarra v. Hernandez*, Case No. CV 15-6169 DMG (ASx), 2016 WL 8849021, at *3 (C.D. Cal. Jan. 15, 2016) ("There is no indication that Defendants' failure to answer is due to excusable neglect. Both have been served and neither have answered."); *see also Sales Force Won! Limited v. Teixidor Enterprises Incorporated, No.*, CV-17-04730-PHX-DLR, 2018 WL 20183919, at *2 (D. Ariz. May 11, 2018) ("Defendants were properly served with process in this matter and copies of the application for default and the present motion for default judgment. It therefore is unlikely that Wells Fargo's default was a result of excusable neglect.").

Here, Defendant was timely and properly served with a copy of the summons and complaint. Further, Defendant was ordered by this Court to retain counsel after initially filing a (since stricken) motion to dismiss. In short, the aggregate of Defendant's actions leave little doubt that no excusable neglect exists in this case. Thus, this factor weighs in favor of granting default judgment.

### 6. Defendant refuses to participate in this litigation, as such; a decision on the merits is nearly impossible.

As to the final factor, Defendant's refusal to appear and answer the complaint while being represented by makes it nearly impossible for a decision on the merits to occur. Left with no other options, Plaintiff now seeks a default judgment on behalf of himself and the Class. As

such, this factor too weighs in favor of default.

## IV. CONCLUSION

Defendant had ample notice of this lawsuit and willfully passed on its opportunity to defend itself against the well-pleaded allegations at issue. Therefore, Plaintiff respectfully requests that the Court enter default judgment.

Respectfully submitted,

**TERRY FABRICANT**, individually and on behalf of all others similarly situated,

Dated: February 9, 2024     */s/ Patrick H. Peluso*

Bradley J. Friedman, Esq.
LAW OFFICES OF BRADLEY J. FRIEDMAN, ESQ.
3033 Northwestern Hwy, Suite 106
Farmington Hills, MI 48334

Patrick H. Peluso
ppeluso@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0676
Fax: 303-927-0809

*Attorneys for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above titled document was filed via the Court's ECF system on February 9, 2024.

>  */s/ Patrick H. Peluso*