UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **TERRY FABRICANT,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**DAVID ALLEN CAPITAL, INC.,** ,<br><br>*Defendant.* | Case No. 2:23-cv-11111-DPH-EAS<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

**I.  INTRODUCTION**

This case challenges David Allen Capital, Inc.'s ("Defendant" or "DAC") serial violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*—specifically, its bar against making unauthorized pre-recorded calls to cellphones and residential landlines. Plaintiff Terry Fabricant ("Plaintiff" or "Fabricant") filed his Class Action Complaint on May 11, 2023 and obtained service on the Defendant on May 15, 2023. (*See* Dkt. 6.) On November 20, 2023, the Court entered an Order which stated in relevant part:

> Accordingly, for the reasons explained above, Fabricant's motion to strike (ECF No. 10) is **GRANTED** and the Court **STRIKES** DAC's motion to dismiss (ECF No. 8) from the record. The Court further orders DAC to obtain counsel. That counsel shall file an appearance in this case on DAC's behalf by no later than **January 8, 2024**. If DAC does not obtain counsel by that date, Fabricant may move for a default and/or default judgment at that time.

(ECF No. 12 at 2-3) (emphasis in original). January 8, 2024 has passed, no entry of appearance has been filed and, to Plaintiff's knowledge, Defendant has not retained counsel. The Clerk has now entered default (ECF No. 15), and Plaintiff has moved for default judgment (*See* Dkt. 17.)

1

The case should be certified as a class action, and DAC should be found in default on a class basis. That is, Plaintiff seeks certification of a class of similarly-situated individuals defined to include:

> **Pre-recorded No Consent Class:** All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or a third person acting on behalf of Defendant) called; (2) on the person's cellular telephone; (3) using an artificial or prerecorded voice; and (4) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call the Plaintiff.

(Compl. ¶ 24.) As explained below, this class meets each of the requirements of Rule 23(a) and of 23(b)(2) and (b)(3) and should be certified.

Plaintiff also respectfully requests a period of limited class discovery regarding the issue of damages for a period of 120-days. Plaintiff intends to serve subpoenas upon the telephone service providers for the telephone number that Defendant (or its agent) utilized to contact Plaintiff, in addition to potentially serving subpoenas on third-party agent(s) of Defendant seeking the outbound call records from the relevant period of time. Plaintiff will then use the outbound call records for each of the numbers to demonstrate the number of individual class members that were called as well as the number of calls made to each member. This process will allow the Court to make a factual determination as to the issue of damages. Further, to the extent the Court is hesitant to enter default on a classwide basis for any other reason, Plaintiff additionally requests permission to conduct discovery related to those issue in the form of written discovery requests to Defendant and subpoenas to produce documents.

In brief, the Court should certify the Class and enter a class-wide default judgment as to all claims. The Court should also grant Plaintiff leave to conduct limited discovery.

2

**II.     ARGUMENT**

The Court should certify the class and enter a classwide default judgment in Plaintiff's favor based on his well-pleaded allegations.

> **A.     Upon entering Default (*See* Dkt. 17), the Court should simultaneously certify the well-pleaded class.**

As a threshold matter, entry of default does not alter the Court's analysis for class certification. Certification under Rule 23 remains a necessary procedural requirement in order for the class to recover damages." *Whitaker v. Bennett Law, PLLC*, Case No. 13-cv-3145-L(NLS), 2015 WL 12434306, at *2 (S.D. Cal. Jan. 26, 2015). "As such, 'relief cannot be granted to a class before an order has been entered determining that class treatment is proper.'" *Id.* (citing *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir. 1974)).

As explained below, Plaintiff's Motion for Class Certification should be granted since the alleged class meets the standards for certification, and the Court should exercise its discretion to certify it here.

> **1.     Each element is met for Rule 23 class certification and the Court should certify the Class accordingly.**

Class certification is appropriate under Rule 23 when the proponent of certification demonstrates that each of the requirements of Rule 23(a) and at least one of the subsections under Rule 23(b) has been satisfied. Fed. R. Civ. P. 23. Rule 23(a) requires that (i) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity); (ii) that there are common questions of law and fact amongst class members (commonality); (iii) that the proposed representative's claims are typical of those of the class

3

(typicality); and (iv) that both the named-representative and his or her counsel have and will continue to adequately represent the interests of the class (adequacy). Fed. R. Civ. P. 23(a).

In this case, Plaintiff seeks certification of the proposed Class under both Rule 23(b)(2) and 23(b)(3). To certify a class under Rule 23(b)(2), a plaintiff must show that the party opposing certification has acted or failed to act on grounds generally applicable to the class as a whole, "so that final injunctive relief or corresponding declaratory relief is appropriate . . . ." Fed. R. Civ. P. 23(b)(2). Certification under Rule 23(b)(3), on the other hand, requires that there be questions of law or fact common to the proposed class members that predominate over any questions affecting only individual members and that the class mechanism be superior to other available methods for adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

In determining whether to certify a class, the Court does not inquire into the merits of a plaintiff's claims. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). Instead, "when evaluating whether to certify the class, the district court must take the allegations of plaintiffs as true, with any doubts resolved in favor of certification." *Yadlosky v. Grant Thorton, L.L.P.*, 197 F.R.D. 292, 295 (E.D. Mich. 2000). The Court may certify a class when the plaintiff demonstrates that the proposed class and proposed class representatives meet Rule 23(a)'s four prerequisites—numerosity, commonality, typicality, and adequacy of representation—and at least one of the three provisions of Rule 23(b).

As shown below, the Class satisfies each of Rule 23(a)'s prerequisites and the requirements for certification under Rules 23(b)(2) and (b)(3).

  A. **<u>The Proposed Class Satisfies Rule 23(a)'s Requirements</u>.**

    1. **The Class is sufficiently ascertainable and numerous**.

4

Rule 23(a)'s first requirement, numerosity, is met where "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). To satisfy the numerosity requirement, a plaintiff need only demonstrate that "the number of potential class members is large, even if plaintiffs do not know the exact figure." *In re Consumers Power Co. Sec. Litig.*, 105 F.R.D. 583, 601 (E.D. Mich. 1985); *see Olden v. LaFarge Corp.*, 203 F.R.D. 254, 269 (E.D. Mich. 2001) *aff'd*, 383 F.3d 495 (6th Cir. 2004) ("[W]here the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied."); *see Gradisher v. Check Enforcement Unit, Inc.*, 203 F.R.D. 271, 276 (W.D. Mich. 2001) ("[W]hile not an absolute rule, it is generally accepted that a class of 40 or more members is sufficient to establish numerosity.")

In this case, Plaintiff's Complaint alleges that Defendant conducted a widespread telemarketing campaign that involved prerecorded telephone calls to thousands of consumers who fall within the definition of the Class. (Compl 26.) *See Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004) ("[The] sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy Rule 23(a)(1).").

The present case therefore satisfies the numerosity requirement since it what happened to Plaintiff also happened to hundreds or thousands of other consumers. Of course, to the extent more information is needed, discovery will reveal the size of the Class.

Additionally, courts have universally recognized that the class must also be adequately defined so that the Court can readily ascertain whether an individual is a class member. *Am. Copper & Brass, Inc. v. Lake City Indus. Products, Inc.*, 757 F.3d 540, 545 (6th Cir. 2014)

(citing *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir.2012) (determining class membership "by reference to objective criteria")). Here, the Class is defined by reference to objective criteria. That is, there is nothing subjective about whether an individual received a telemarketing call by or on behalf of Defendant which featured a pre-recorded voice. Put simply, the Class meet the implicit requirement of ascertainability as well.

### 2. The Class shares common issues of law and fact.

The second element requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is present where a "common nucleus of operative fact" exists, and a "question of law refers to a standardized conduct of the defendants toward members of the proposed class." *See Snow v. Atofina Chemicals, Inc.*, 2006 WL 1008002, at *4 (E.D. Mich. Mar. 31, 2006) ("[A] lack of identical factual situations will not necessarily preclude certification where the class representative has shown sufficient common questions of law among the claims of the class members." quoting *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984)). For commonality to be demonstrated, "there need be only a single issue common to all members of the class." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996) (quotation omitted). Generally, the issue of commonality is a relatively low and easily surmountable hurdle. *See Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992); *see also Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986).

As alleged in Plaintiff's Complaint, all members of the Class share common questions of law and fact that predominate over issues affecting only individual members. (Compl. ¶ 27.) No individualized issues need to be adjudicated to determine each class members' entitlement to relief. As such, commonality is met.

6

### 3. Plaintiff has claims typical of the Class.

Rule 23 next requires that the proponent of certification have claims that are typical of those of the Class. *See* Fed. R. Civ. P. 23(a)(3). The typicality element determines whether "a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class," and a plaintiff's claim is typical if it arises "from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Am. Med. Sys., Inc.*, 75 F.3d at 1082 (quotation omitted). Nevertheless, the existence of factual distinctions among named and absent class members will not preclude a finding of typicality if there is a "strong similarity of legal theories." *Int'l Union v. Ford Motor Co.*, 2006 WL 1984363 at *19 (E.D. Mich. July 13, 2006) *aff'd sub nom. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007).

In this case, Plaintiff's claims are typical of the absent class members because each claim is based upon identical conduct—the receipt of pre-recorded telemarketing calls. Therefore, the typicality element is satisfied.

### 4. Plaintiff and his counsel will adequately protect the Class.

The final Rule 23(a) prerequisite requires that a proposed class representative "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In determining whether the representation of the class is adequate, "the representative must have common interests with unnamed members of the class," and "it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 524–25 (6th Cir. 1976). Courts must also consider: "(a) the work counsel has done in

7

identifying or investigating potential claims in the action, (b) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, (c) counsel's knowledge of the applicable law, and (d) the resources counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A); *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 592 (E.D. Mich. 2006).

In this case, Plaintiff has the same interests as the proposed Class—obtaining relief from Defendant for its TCPA violations. Plaintiff simply has no conflicts. Likewise, Plaintiff's counsel are well respected members of the legal community, have regularly engaged in major complex litigation, and have had extensive experience in consumer class actions involving similar issues and that were of similar size, scope and complexity as the present case. Accordingly, both Plaintiffs and their counsel will adequately represent the Class.

### B. The Proposed Class Meets the Requirements of Rule 23(b)(2) and (b)(3).

Once the prerequisites of Rule 23(a) are satisfied, one of the three subsections of Rule 23(b) must be satisfied as well. Here, Plaintiff seeks certification of the proposed Class under Rules 23(b)(2) and (b)(3). Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds generally applicable to the proposed class, "thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." *Nelson*, 2003 WL 23101792, at *11; *see also Little Caesar Enterprises, Inc. v. Smith*, 172 F.R.D. 236, 268 (E.D. Mich. 1997). Here, there should be no question that Defendant acted on grounds generally applicable to the proposed Class as a whole. As such, Defendant acted and failed to act on grounds generally applicable to the Class as respective wholes, making final

8

injunctive relief necessary to protect Plaintiff and the Class from such conduct in the future, and satisfying the requirements of Rule 23(b)(2).

Rule 23(b)(3) provides that a class action may be maintained where the questions of law and fact common to members of the proposed class predominate over any questions affecting only individual members. Fed. R. Civ. P 23(b)(3); *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 326, 339 (E.D. Mich. 2001). In this case, common issues of fact and law predominate. Defendant's unlawful and systematic telemarketing calls are common to all Class members' claims and predominate over any issues affecting only individual members.

Rule 23(b)(3) further requires that the class action mechanism be superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P 23(b)(3); *In re Cardizem*, 200 F.R.D. at 339. That requirement is satisfied here. The injuries suffered by individual Class members are likely to have been relatively small compared to the burden and expense of individual prosecution of the litigation necessitated by Defendant's actions. Thus, absent this class action, it would be difficult, if not impossible, for the individual members of the Class to obtain effective relief. Maintenance of this case as a class action is also superior to other available methods because it would avoid the necessity for multiple adjudications of identical legal and factual issues, thereby reducing the burden on the judiciary.

For the reasons stated above, and which will be borne out by class discovery, this case is appropriate for class certification. As such, certification should be granted at the outset of the case. However, to the extent the Court is not inclined for any reason to grant certification at this time, Plaintiff hereby requests that the Court allow for and schedule discovery to take place on

class-wide issues, at the conclusion of which, Plaintiff will file a memorandum in support of this motion detailing the appropriateness of class certification and asking the Court to rule on this motion at that juncture.

**B.     Finally, Plaintiff asks this Court to grant his request for leave to conduct limited discovery regarding damages.**

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . *or when authorized by these rules, by stipulation, or by court order.*" Fed. R. Civ. P. 26(d)(1) (emphasis added). Courts have found that post-default discovery is permissible and can be necessary to establish damages. *See TracFone Wireless, Inc. v. Technopark Co., Ltd.*, 281 F.R.D. 683, 691 (S.D. Fla. 2012) ("The Court finds such post-default discovery is permissible. In *Svetlick v. Lucius*, Case No. 08–61525–CIV, 2009 WL 1203925 (S.D.Fla. May 1, 2009), the court granted Default Final Judgment of liability and permitted the plaintiff to take additional discovery to determine damages."); *see also Microsoft Corp. v. Raven Technology, Inc.*, No. 6:05-cv-1346-Orl-28DAB, 2007 WL 438803, at n.2 (M.D. Fla. Feb. 8, 2007) ("Of course, Microsoft could have pursued discovery, notwithstanding the default.").

Here, and as previously explained, Plaintiff will require limited discovery to establish classwide damages. Plaintiff, therefore, requests a 120-day period to conduct limited discovery. Specifically, Plaintiff seeks to serve written discovery on Defendant including requests for admission, requests for the production of documents, and interrogatories. Additionally, given that Plaintiff has knowledge of the number that called him, Plaintiff seeks to serve third-party discovery, in the form of a subpoena, on the Telephone Service Provider of the number. Once Plaintiff receives the outbound call list, he will be able to identify the specific unique telephone numbers called as well as the number of calls made to each individual. Further, Plaintiff is prepared to hire an expert witness to opine as to the facts and process, if necessary. This process

will allow Plaintiff to demonstrate to the Court the number of individuals that were called, harassed, and harmed by Defendant's unlawful actions. Moreover, the information will be used to demonstrate the appropriate sum of damages. Finally, to the extent the Court determines that any area of Plaintiff's motion needs additional factual substantiation, Plaintiff respectfully requests permission to conduct limited discovery regarding those matters.

Thus, the Court should grant Plaintiff's motion for limited discovery.

## IV. CONCLUSION

Defendant had ample notice of this lawsuit and willfully passed on its opportunity to defend itself against the well-pleaded allegations at issue. Therefore, Plaintiff respectfully requests that the Court enter default judgment in his favor on both causes of action, certify the Class, appoint Patrick H. Peluso of Woodrow & Peluso, LLC as Class Counsel, grant Plaintiff's request to conduct limited discovery, and award such additional relief as it deems necessary, reasonable, and just.

Respectfully submitted,

**TERRY FABRICANT**, individually and on behalf of all others similarly situated,

Dated: February 9, 2024          */s/ Patrick H. Peluso*

Bradley J. Friedman, Esq.
LAW OFFICES OF BRADLEY J. FRIEDMAN, ESQ.
3033 Northwestern Hwy, Suite 106
Farmington Hills, MI 48334

Patrick H. Peluso
ppeluso@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0676
Fax: 303-927-0809

*Attorneys for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above titled document was filed via the Court's ECF system on February 9, 2024.

/s/ Patrick H. Peluso