UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **TERRY FABRICANT,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**DAVID ALLEN CAPITAL, INC.,** ,<br><br>*Defendant.* | Case No. 2:23-cv-11111-DPH-EAS<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT
AND MEMORANDUM IN SUPPORT**

**I.   INTRODUCTION**

This case challenges David Allen Capital, Inc.'s ("Defendant" or "DAC") violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*—specifically, its bar against making unauthorized pre-recorded calls to cellphones and residential landlines. Plaintiff Terry Fabricant ("Plaintiff" or "Fabricant") filed his Complaint on May 11, 2023 and obtained service on the Defendant on May 15, 2023. (*See* Dkt. 6.) On November 20, 2023, the Court entered an Order which stated in relevant part:

> Accordingly, for the reasons explained above, Fabricant's motion to strike (ECF No. 10) is **GRANTED** and the Court **STRIKES** DAC's motion to dismiss (ECF No. 8) from the record. The Court further orders DAC to obtain counsel. That counsel shall file an appearance in this case on DAC's behalf by no later than **January 8, 2024**. If DAC does not obtain counsel by that date, Fabricant may move for a default and/or default judgment at that time.

(ECF No. 12 at 2-3) (emphasis in original).

On February 9, 2024, Fabricant moved for default judgment and for class certification. (ECF Nos. 17-18.) The Court subsequently held a hearing on these motions on June 21, 2024 and

1

denied both without prejudice, while granting Plaintiff leave to conduct third-party discovery related to class certification issues. (ECF No. 22.)

About a month later, on July 15, 2024, DAC (via its non-attorney owner) filed a "Motion for Extension of Time to Hire Counsel" (ECF No. 23), which the Court granted in part on November 5, 2024, permitting DAC until December 14, 2024 to secure counsel (ECF No. 25, noting "[w]ith this extension, Rutz will have had more than one full year . . . to find counsel for DAC. That is more than enough time. Indeed, it is significantly longer than the time given to a defendant to secure counsel in the overwhelming majority of cases.") Then, on December 13, 2024, Mr. Rutz filed another request for an extension, asserting that the attorney he wished to retain was having trouble with his ECF account and could not file an appearance. (ECF No. 26.) The Court granted this extension, and counsel for DAC entered his appearance on January 10, 2025—417 days after the Court first ordered DAC to retain counsel.

Since January 10, 2025, almost ten (10) weeks have passed with no activity from DAC. It has neither moved to vacate the entry of default nor filed an Answer. At this point, the Court should grant the instant Motion and enter default judgment against DAC. In this Motion, Fabricant only seeks default judgment on his individual claim.[1]

## II.     ARGUMENT

As explained below, Court should enter default judgment in Plaintiff's favor based on his well-pleaded allegations.

### A.     The Court has jurisdiction over both the Defendant as well as the subject matter of this case.

---

[1] If the Motion is denied and the case proceeds, Fabricant reserves his right to pursue direct class discovery from DAC and renew his motion for class certification as appropriate.

Jurisdiction is "a threshold issue that must be present to support any subsequent order of the district court, including entry of default judgment." *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2006). Here, Defendant is a Michigan corporation with its principal place of business located in this District. (Compl. 6.) Additionally, subject matter jurisdiction exists under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, which is a federal statute. Accordingly, the Court has jurisdiction over both the subject matter and the parties.

      **B.**      **The Court should enter default judgment because the well-pleaded allegations of the Complaint establish that Defendant serially violated the TCPA.**

When exercising discretion as to the entry of default judgment, the Sixth Circuit requires this Court to analyze the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the preference for decisions on the merits. *See Marelli Auto. Lighting, USA, LLC v. Industrias BM de Mexico, S.A. de C.V.*, No. 20-10331, 2021 WL 5121273, at *2 (E.D. Mich. Nov. 4, 2021). As explained below, each of these factors weighs in favor of granting Plaintiff's motion for default judgment.

      **1.**      **Plaintiff would face substantial prejudice absent an entry of default.**

Courts routinely find prejudice when a defendant fails to respond to the complaint—which deprives a plaintiff of an adequate remedy and can result in the loss of evidence. *See Rls Distribution, Inc. v. Small*, Civil No. 16-3714 (RMB/JS), 2016 WL 6634873, at *2 (D.N.J. Nov. 8, 2016) ("Defendant Small's failure to respond to Plaintiff's Complaint or to oppose the Motion

3

for Default Judgment has deprived the Plaintiff of the opportunity to litigate its claim against Defendant Small. Additionally, Plaintiff would suffer prejudice because it has no other remedy against Defendant Small."); *see also United States v. Vo*, Civ. A. No. 15-6327 (NLH/KMW), 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016) ("Here, Defendant refused to participate in this matter, and at present, this delay may stretch on indefinitely. Thus, denying this motion for default judgment will prejudice Plaintiff."); *see also Carroll v. Stettler*, Civil Action No. 10-2262, 2012 WL 3279213, at *2 (E.D. Pa. Aug. 10, 2012) ("A plaintiff is prejudiced if denying the default judgment would result in the loss of evidence or impair the plaintiff's ability to effectively pursue his or her claim.").

Applied here, Plaintiff and the class members face substantial prejudice if default isn't entered. Absent a default, Defendant would escape being held accountable for its unlawful telemarketing practices, and Plaintiff would recover nothing despite the TCPA's provision for both statutory damages and injunctive relief. Further, absent an entry of default, evidence could be lost or impaired as memories fade and documents are destroyed.

Moreover, Plaintiff would be prejudiced absent a default by the delays DAC has caused in this action. *See Copeland v. Lampkin*, 2024 U.S. Dist. LEXIS 198332, at *1 (E.D. Mich. Oct. 31, 2024) ("So on April 12, 2024, the Court entered a default judgment against Lampkin. Ten days later, Lampkin filed a motion to set aside the default judgment and, for the first time, laid out his defenses to the Plaintiffs' claims. But his response is more than a year too late. Lampkin has not shown good cause to set aside the default".) Such delays have caused Plaintiff (and his counsel) to spend time on what would otherwise be unnecessary motion practice, as well as attempting to locate class records with one hand tied behind his back (i.e., discovery without the

4

participation of the defendant).

In sum, the prospect of prejudice against Plaintiff weighs heavily in favor of granting Plaintiff's motion for default judgment.

> **2. Plaintiff's Complaint contains well-pleaded factual allegations that establish violations of the TCPA, thus, the default pleading standards are met.**

For the second and third factors, the TCPA makes it unlawful for any person "to make any call [other than a call made for emergency purposes or made with the prior express consent of the called party] using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). Thus, to state a claim for a violation of the TCPA, "a plaintiff must allege three elements: (1) a call to a cellular telephone, (2) using an ATDS or an artificial or prerecorded voice, (3) without the recipient's prior express consent." *Mata v. Veros Credit, LLC*, Case No. SA CV 16-8-DOC (JCGx), 2017 WL 2644633, at *2 (C.D. Cal. Jan. 20, 2017) (citing *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012)).

Plaintiff's allegations lay out a clear prima facie case. Specifically, he pleaded that Defendant conducts a wide-scale telemarketing campaign in which calls were placed to his cellular telephone, that the Defendant utilized a pre-recorded voice to make said calls, and that Plaintiff never gave any consent to Defendant to place calls to his cellular telephone. (Compl. ¶¶ 17-21.) Nothing further is needed to state a claim under the TCPA; therefore, Plaintiff is entitled to a default judgment.

> **3. The sum of money at stake is reasonable and weighs in favor of default.**

The fourth factor weighs in favor of default judgment. The TCPA provides for statutory damages of $500 per violation, which can be trebled to $1,500 per violation for willful violations. Courts repeatedly find statutory damages to be reasonable in regards to the fourth factor. *See Elektra Entertainment Group Inc.*, 226 F.R.D. at 393 ("[T]he amount of statutory damages and costs requested consists of discretionary awards and statutory minimums . . . Thus, this factor favors granting default judgment as well."); *see also J & J Sports Productions, Inc. v. Hernandez*, No. 2:09-cv-3389 GEB KJN, 2010 WL 1980186, at *4 (E.D. Cal. May 17, 2010) ("[P]laintiff's request for statutory damages and damages for conversion are tailored to defendants' specific wrongful conduct. . . . Under these circumstances, the undersigned concludes that this factor favors the entry of default judgment."); *see also Moore v. E-Z-N-Quick*, No. 1:13-cv-01522-LJO-SAB, 2014 WL 1665034, at *5 (E.D. Cal. Apr. 24, 2014) ("Plaintiff seeks statutory damages in the amount of $4,000.00 as authorized by the California statutes. The Unruh Act provides for minimum statutory damages of $4,000 for each violation. . . . Since a violation of the ADA establishes a violation of the Unruh Act, Plaintiff is entitled to statutory damages of $4,000.00.").

Plaintiff requests statutory damages in the amount of $1,500 for the pre-recorded call made to him as alleged in the Complaint. *See* 47 U.S.C. §227(b)(3)(B). "Courts have applied various tests for deciding when trebling the statutory damage award is appropriate." *See Charvat v. NMP, LLC*, No. 2:09-cv-209, 2012 U.S. Dist. LEXIS 139505, at *15 (S.D. Ohio Sep. 27, 2012) (collecting cases and trebling damages on motion for default judgment).  The "purpose of the treble damages provision of the TCPA was more compensatory than punitive." *Id.* (citing *Alea London Ltd. v. Am. Home Services, Inc.*, 638 F.3d 768 (11th Cir. 2011)). Treble

damages are "designed as an additional incentive for aggrieved parties to file suit since their actual and basic statutory damages were likely to be minimal." *Id. See also Misner v. Empire Auto Protect, LLC,* 2024 U.S. Dist. LEXIS 202146 (S.D. Ohio Nov. 6, 2024) (awarding treble damages in a TCPA default judgment).

In addition to monetary damages, Plaintiff seeks a class-wide injunction requiring Defendant to cease the transmission of all pre-recorded calling activities, and to instruct its agents to cease the transmission of all pre-recorded calling activities. Because an injunction is separate and distinct from monetary damages, this argues in favor of granting a default injunction.

For the reasons stated above, the sum of monetary damages are reasonable in light of Defendant's actions and weigh in favor of a default judgment.

### 4. Defendant failed to defend itself, as a result, no dispute concerning material facts exists.

In reviewing the fifth factor, Courts repeatedly find that no genuine dispute of material facts exists when a defendant fails to appear or answer. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F.Supp.2d 1065, 1071 (D. Ariz. 2006) ("Here, there is little possibility of dispute concerning material facts because (1) based on the entry of default, the Court accepts all allegations in Film Corp.'s complaint as true (except for those relating to damages) and (2) Streeter has not made any attempt to challenge Film Corp.'s Complaint or even appear in this case."); *see also Elektra Entertainment Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

In Plaintiff's case, Defendant refused to appear and now has not answered. As such, all factual allegations are taken as true. Furthermore, Plaintiff has pleaded all the necessary facts to establish a violation of the TCPA. Thus, there is little possibility of disputed facts and this element also argues in favor of granting default.

### 5. Defendant has made a habit out of ignoring lawsuits, thus, the possibility of excusable neglect is essentially non-existent.

The sixth factor looks at the possibility of excusable neglect. Courts consistently find the possibility of excusable neglect to be remote when a defendant is properly served with the complaint and summons. *See Benson v. Bingham, LLC v. Ventura*, No. 2:09-CV-02220-LRH, 2010 WL 2681755, at *2 (D. Nev. July 1, 2010) ("The evidence shows that Plaintiff properly served Defendants with the Summons and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. . . . Therefore, the court finds that Defendants' failure to respond and express an interest in the underlying settlement did not result from excusable neglect."); *see also Ibarra v. Hernandez*, Case No. CV 15-6169 DMG (ASx), 2016 WL 8849021, at *3 (C.D. Cal. Jan. 15, 2016) ("There is no indication that Defendants' failure to answer is due to excusable neglect. Both have been served and neither have answered."); *see also Sales Force Won! Limited v. Teixidor Enterprises Incorporated, No.*, CV-17-04730-PHX-DLR, 2018 WL 20183919, at *2 (D. Ariz. May 11, 2018) ("Defendants were properly served with process in this matter and copies of the application for default and the present motion for default judgment. It therefore is unlikely that Wells Fargo's default was a result of excusable neglect.").

Here, Defendant was timely and properly served with a copy of the summons and complaint. Further, Defendant was ordered by this Court to retain counsel after initially filing a

(since stricken) motion to dismiss. Though it eventually did so, it has not moved to vacate the entry of default, answer the complaint, or take any other action since counsel filed an appearance over two (2) months ago.

This is an unfortunate pattern of behavior for DAC. That is, in 2021, DAC attempted to litigate *pro se* in a similar case filed in the Northern District of Texas. The Court there ordered Defendant to obtain counsel, and warned that "failure to enter an appear by counsel on its behalf . . . will result in its defenses be[ing] stricken and the Court's instruction to Plaintiff to seek entry of default and default judgment." *Starling v. David Allen Capital, Inc.*, Case No. 4:21-cv-00688-O, Dkt. No. 13 (N.D. Tex. July 8, 2021).

In short, the aggregate of Defendant's actions leave little doubt that no excusable neglect exists in this case. Thus, this factor weighs in favor of granting default judgment.

### 6. Defendant refuses to assert its defense in this litigation, as such; a decision on the merits is nearly impossible.

As to the final factor, Defendant's refusal to appear and then to answer the complaint has made it nearly impossible for a decision on the merits to occur. Plaintiff now seeks a default judgment on behalf of himself. As such, this factor too weighs in favor of default.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court enter default judgment in the amount of $1,500 plus injunctive relief aimed at stopping any future unlawful telemarketing conduct, plus any additional relief that the Court finds just an appropriate.

Respectfully submitted,

|  |  |
|---|---|
|  | **TERRY FABRICANT**, individually and on behalf of all others similarly situated, |
| Dated: March 19, 2025 | */s/ Patrick H. Peluso* |
|  | Bradley J. Friedman, Esq.<br>LAW OFFICES OF BRADLEY J. FRIEDMAN, ESQ.<br>3033 Northwestern Hwy, Suite 106<br>Farmington Hills, MI 48334 |
|  | Patrick H. Peluso<br>ppeluso@pelusolawfirm.com<br>PELUSO LAW, LLC<br>865 Albion Street, Ste. 250<br>Denver, Colorado 80220<br>Tel: 720-805-2008 |
|  | *Attorneys for Plaintiff* |

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above titled document was filed via the Court's ECF system on March 19, 2025.

                                                       */s/ Patrick H. Peluso*